**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

James R. Glover, as Presiding Elder of The Lancaster District of the African Methodist Episcopal Church, Appellant,

v.

James Stevenson, Roddie Armstrong, Lyndsay Hopkins, Freddie Armstrong, Janice Samuels, Daisy McGraw, Jeannie Hall, Rosa Chappell, Alzine Woodard and Jean McCory, Respondents.

Appellate Case No. 2012-213071

Appeal From Fairfield County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2014-UP-257
Heard February 6, 2014 – Filed June 25, 2014

### AFFIRMED

Randall Rosel Williams, of Law Office of Randall R. Williams, of Greenwood, for Appellant.

Jerry Leo Finney and Stephanie Ruotolo Fajardo, both of The Finney Law Firm, Inc., of Columbia, for Respondents.

Douglass Selby and Aja Diamond Moore, both of Hunton & Williams, LLP, of Atlanta, Georgia, and I.S. Leevy Johnson and William T. Toal, both of Johnson, Toal, & Battiste, P.A., of Columbia, for amicus curiae The African Methodist Episcopal Church, Inc.

---

**PER CURIAM:** James Glover, as Presiding Elder of the African Methodist Episcopal (A.M.E.) Church for the Lancaster District, appeals the order of the trial court granting summary judgment to representatives of Shady Grove Church, in which the court held Glover failed to prove any ownership interest in the real property of Shady Grove Church.

(1) We find the trial court did not err in ruling the Book of Discipline of the A.M.E. Church did not create a trust on behalf of the A.M.E. Church. *See All Saints Parish Waccamaw v. Protestant Episcopal Church in Diocese of S.C.*, 385 S.C. 428, 442, 685 S.E.2d 163, 171 (2009) (declaring that when resolving church dispute cases, South Carolina courts are to apply the neutral principles of law approach as approved by the Supreme Court of the United States in *Jones v. Wolf,* 443 U.S. 595, 99 S.Ct. 3020, 61 L.Ed.2d 775 (1979)); *id.* at 444; 685 S.E.2d at 172 (explaining that under the neutral principles of law approach, courts may apply property, corporate, and other forms of law to church disputes); *id.* at 449, 685 S.E.2d at 174 (finding the "Dennis Canon," which purported to declare a trust in favor of the Episcopal Church USA and the Diocese on all real and personal property held by any congregation, had no legal effect on the title to the local congregation's property where title was held by the local congregation); *id.* (explaining that "[a] trust 'may be created by either declaration of trust or by transfer of property. . . .' It is an axiomatic principle of law that a person or entity must hold title to property in order to declare that it is held in trust for the benefit of another or transfer legal title to one person for the benefit of another." (citation omitted)); S.C. Code Ann. § 62-7-401(a)(2) (Supp. 2013) ("To be valid, a trust of real property, created by transfer in trust or by declaration of trust, must be proved by some writing signed by the party creating the trust."). The Book of Discipline alone cannot create an express trust. Although it is a writing, it is not signed by the representatives of Shady Grove. Glover presented no signed documents in which the Shady Grove representatives consented to the trust provisions. In addition, the national A.M.E. Church could not create a trust over the Shady Grove Church property through the Book of Discipline as it did not hold title to that property.

(2)  We find no merit to Glover's assertion that equity demands a constructive trust be placed on the Shady Grove Church property for the benefit of the national A.M.E. Church as the issue of a constructive trust was not raised to or ruled on by the trial court.  Accordingly, the issue is not preserved.  *See Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

(3)  We find the trial court did not err in denying a continuance to allow Glover to conduct depositions.  *See Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) (stating the nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is not merely engaged in a fishing expedition).  At the hearing and in his brief, Glover failed to identify any evidence he expected to uncover with the depositions.

(4)  We find no reversible error in the arguments Glover raised at oral argument and The African Methodist Episcopal Church, Inc. raised in its amicus brief concerning equitable estoppel and part performance to take the matter out of the statute of frauds as these issues were never raised to or ruled on by the trial court. *See Wilder Corp.,* 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**